UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MASON TENDERS DISTRICT COUNCIL :
WELFARE FUND, PENSION FUND, :
ANNUITY FUND, and TRAINING :
PROGRAM FUND, and JOHN J. VIRGA, :    05 Civ. 2823 (TPG)
in his fiduciary capacity as Director, :
                             :       **OPINION**
           Plaintiffs, :
                             :
    - against - :
                             :
AMERICAN LATH & PLASTER CO., :
OPTIMUM CONSTRUCTION SERVICES, :
INC., and DOUGLAS SCHWARTZ, :
                             :
          Defendants. :
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/07

Plaintiffs bring this action pursuant to sections 502(a)(3) and 515 of the Employment Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

Plaintiffs are various trust funds established under collective bargaining agreements. Defendants are two companies—American Lath & Plaster Co. and Optimum Construction Services—and Douglas Schwartz, the former president of American Lath.

Plaintiffs seek to recover past due contributions. As to American Lath, plaintiffs assert that both the company and its former president, Defendant Schwartz, are liable, based on the language of American Lath's collective bargaining agreement.

Defendant Schwartz now moves to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. He alleges that the collective bargaining agreement imposes liability solely on the company, without any liability on him individually. The motion is denied.

### Facts

American Lath executed a collective bargaining agreement with the Mason Tenders District Council of Greater New York on April 25, 2001, and became obligated to pay certain sums of monies to the Funds. Plaintiffs allege unpaid contributions amounting to $46,520.77.

The signature page of the agreement contained a provision about who would be bound, followed by the signatures:

> IN WITNESS WHEREOF the parties hereto have set their hands the day and year set forth below. The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Trade Agreement and he warrants and represents that he has authority to bind the Employer and the principals or members thereof.
>
> Signed by both parties hereto as of the 25th day of April 2001 at New York, NY
>
> American Lath + Plaster Co Inc [hand printed]
> **Print Firm Name**
>
> **BY**: s/Douglas Schwartz, Pres.
>     **Signature**
>
> 1 Lenox Ave.     [hand printed]
> **Street Address**
>
> s/Douglas Schwartz
> **Company Officer Signature**   Pres. [the word "Pres." hand printed]

Farmington, NY 11735 [hand printed]
**City, State, Zip Code**

Douglas Schwartz – Pres. [hand printed]
**Print Name          Title**

At the bottom of this page, the document was also signed by Anthony
Silveri, Business Manager of Mason Tenders District Council.

## Discussion

As indicated earlier, Schwartz has moved to dismiss under Rule
12, or in the alternative, for summary judgment under Rule 56.
Schwartz bases his motion on the argument that he signed the
agreement solely in his capacity as President of American Lath.  He does
not deny signing the agreement twice or that the page he signed
contained a paragraph stating he agreed to be personally bound.  He
argues, however, that he never intended to be personally bound, and
would not have signed the agreement had he known he could be held
personally liable.

In order to find the signatory of a collective bargaining agreement
personally liable, New York law requires there be clear and explicit
evidence of the defendant's intent to add personal liability to the liability
of the entity, where entity liability is established under the agreement.
Mason Tenders Dist. Council Welfare Fund v. Thomsen Constr. Co., 301
F.3d 50, 53 (2d Cir. 2002).  The Thomsen decision recited (id. at 53) the
so-called Lollo factors from Cement & Concrete Workers Dist. Council

Welfare Fund v. Lollo, 35 F.3d 29, 35 (2d Cir. 1994). The factors are the contract's length, the location of the liability provision relative to the signature line, the presence of the signatory's name in the contract itself, the nature of the negotiations leading to the contract, and the signatory's role in the corporation.

Several cases concerning personal liability provisions in collective bargaining agreements have come before courts within the Second Circuit, some with personal liability provisions identical to the one contained in the agreement at issue here. The courts deciding these cases have applied the standard set out above, and the outcomes have varied based on the individual facts and circumstances of the cases. In some of these cases, the signatory defendant has been found to be personally liable. See Lollo, 35 F.3d 29; Mason Tenders Dist. Council Welfare Fund v. United City Contr., 925 F. Supp. 208 (S.D.N.Y. 1996); Mason Tenders v. ZHN Contracting Corp., 03 Civ. 5409 (S.D.N.Y., Findings of Fact and Conclusions of Law, Dec. 1, 2005). In other cases, the court has determined the defendant signatory should not be personally liable. See Thomsen, 301 F.3d 50; Mason Tenders v. Van San Construction Corp., No. 01 Civ. 5195, 2004 U.S. Dist. LEXIS 15025 (S.D.N.Y. Aug. 3, 2004); Mason Tenders Dist. Council Welfare Fund v. Deluccia Erectors & Scaffolding Supply, Inc., No. 01 Civ. 0464, 2004 U.S. Dist. LEXIS 1109 (S.D.N.Y. Jan. 29, 2004); Mason Tenders Dist.

Council Welfare Fund v. JNG Constr. Ltd., No. 00 Civ. 1032, 2003 U.S. Dist. LEXIS 23025 (S.D.N.Y. Dec. 19, 2003).

Thomsen, the recent Second Circuit case, concerned a collective bargaining agreement with a personal liability provision identical to the one in the present case. After a bench trial, a magistrate judge in the Southern District of New York issued an opinion finding that after analyzing the Lollo factors, there was not "clear and explicit" evidence of defendant's intent. Id. The Second Circuit, in affirming the lower court's decision, placed some emphasis on the idea that "where individual responsibility is demanded the universal practice is that the officer signs twice—once as an officer and again as an individual. . . . We think the appearance of only one signature, especially where the signature is in Thomsen's official capacity, further supports the soundness of the district court's decision." 301 F.3d at 54. Thus, the instant case is distinguishable from Thomsen for two important reasons: first, because Schwartz signed the agreement twice, and second, because Schwartz is seeking to have the case against him dismissed on motion, without even full discovery, whereas the magistrate judge in Thomsen made his decision after a full bench trial.

Aside from the matter of Schwartz's two signatures, certain of the Lollo factors weigh against granting Schwartz's motion.

First, though the contract was 56 pages in length, the provision making Schwartz liable was directly above Schwartz's signature. This

distinguishes the present case from <u>Mason Tenders v. Van San Construction Corp.</u>, cited by Schwartz. No. 01 Civ. 5195, 2004 U.S. Dist. LEXIS 15025 (S.D.N.Y. Aug. 3, 2004). In <u>Van San</u>, the signatory was found not personally liable under two agreements, in large part because the paragraphs containing the personal liability provisions were several pages apart from the pages he signed.

Second, Schwartz's role in the corporation weighs against him. In <u>Mason Tenders v. JNG Const.</u>, another case cited by Schwartz, a district court granted summary judgment to a signatory even though the agreement stated unequivocally he would be personally bound. In that case, however, the signatory was not an officer of the corporation, told the other party he had to bring the agreement back for his "bosses' review," signed the agreement only once, and "definitively stated" he was signing on behalf of another officer of the company.

While the above factors weigh in favor of finding Schwartz personally liable, the parties are not in agreement about the "the nature of the negotiations," a <u>Lollo</u> factor that must also be considered. Plaintiffs argue correctly that the facts have not yet been developed through discovery, much less through a trial.

## Conclusion

Schwartz has not shown that the complaint is invalid, nor has he carried his burden of showing that there is no genuine issue of fact and

that he is entitled to summary judgment.  Therefore, the motion to

dismiss, or in the alternative for summary judgment, is denied.

SO ORDERED.

Dated:      New York, New York
            September 14, 2007

THOMAS P. GRIESA
U.S.D.J.